UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

OSCAR A. RASH,

       Petitioner,

       v.                                           Case No. 15-C-1485

UNITED STATES OF AMERICA,

       Respondent.

---

ORDER GRANTING MOTION TO VACATE SENTENCE, SETTING NEW SENTENCING HEARING, AND DIRECTING UPDATE TO PSR

Following a jury trial, Oscar Rash was convicted of one firearm possession count. At sentencing on March 10, 2009, this court applied the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), and sentenced Rash to 180 months of imprisonment. Had ACCA not applied, Rash would have been subject to a ten-year *maximum* sentence. Instead, ACCA increased the sentence to a fifteen-year *minimum* sentence (up to life).

ACCA applies when a felon-in-possession defendant has three predicate offenses—meaning serious controlled substance offenses or violent felonies. This court found that Rash had three predicate offenses: a controlled substance offense, armed robbery, and vehicular flight from an officer. The flight offense qualified under what is known as ACCA's "residual clause" covering conduct that "otherwise creates a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Rash appealed his sentence, and the Seventh Circuit affirmed, thereby confirming that Rash's prior crime of vehicular flight from an officer qualified as a violent felony. *See United States v. Partee*, 373 F. App'x 602 (7th Cir. 2010).

In late June 2015, the U.S. Supreme Court issued *Johnson v. United States*, 135 S. Ct. 2251 (2015), which invalidated the residual clause of the ACCA pursuant to which the court had counted the vehicular-flight conviction. Afterward, the Seventh Circuit held that *Johnson* applies retroactively to cases on collateral review. *See Price v. United States*, 795 F.3d 731 (7th Cir. 2015).

Rash, represented by the Federal Defender Services of Wisconsin, Inc., now moves for relief under 28 U.S.C. § 2255, in what he has titled an "unopposed petition." According to the motion, an Assistant United States Attorney has confirmed that the government does not oppose Rash's request. Moreover, the court notes that since the motion was filed on December 14, 2015, the United States has not filed any document suggesting that Rash's representation is incorrect.

Upon review of Rash's presentence report and court records from sentencing, it is apparent that Rash no longer qualifies as an armed career criminal because his vehicular-flight conviction no longer can be counted as a predicate. After *Johnson* and *Price* Rash's sentence cannot stand. The current sentence, initially based on the fifteen-year mandatory minimum rather than the ten-year maximum, is in excess of the amount authorized by law. Therefore,

IT IS ORDERED that Rash's § 2255 motion is granted and his sentence is vacated.

IT IS FURTHER ORDERED that Rash's criminal case (No. 07-CR-201) is set for resentencing on February 17, 2016, at 11:00 a.m., in Room 222 of the Federal Courthouse in Milwaukee, Wisconsin.

IT IS FURTHER ORDERED that on or before February 3, 2016, the United States Probation Office shall file an update to the presentence report reflecting the guidelines

calculation without the ACCA designation and any outstanding sentencing issues, including proposed conditions of supervised release in accord with recent Seventh Circuit caselaw, describing Rash's conduct and performance while in prison, and noting the effect of any other sentences Rash may be serving. In addition, the update should include the Bureau of Prisons' calculation of how much time Rash has served to date.

IT IS FURTHER ORDERED that the parties file any sentencing memorandums on or before February 10, 2016.

Dated at Milwaukee, Wisconsin, this 23rd day of December, 2015.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE

3

Case 2:15-cv-01485-CNC    Filed 12/23/15    Page 3 of 3    Document 2